IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE NO. |
| v. | 1:10-CR-0308-JEC-JFK |
| TOBIN NILSEN, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Pending before the court are Defendant Tobin R. Nilsen's motion [Doc. 31] to dismiss the indictment on grounds that his conduct did not violate 18 U.S.C. § 2422(b) and that the indictment violates his First Amendment right to free speech and motion [Doc. 32] to dismiss the indictment alleging that the indictment violates the Tenth Amendment. The Government has responded opposing both motions. [Doc. 34]. For the reasons stated, the court **RECOMMENDS** that the motions be **DENIED**.

**I.     Procedural History**

On July 20, 2010, Defendant Nilsen was indicted by a federal grand jury sitting in the Northern District of Georgia with a violation of 18 U.S.C. § 2422(b). [Doc. 1]. The facts underlying the charge in the indictment are set forth in both the Defendant's

motion [Doc. 31] and the Government's response [Doc. 34] thereto and are not in dispute. While on the internet, Defendant encountered "Tiffany," an undercover officer, posing as the mother of nine-year-old "Stephanie." No actual child exists. After a series of sexually explicit internet chats and telephone conversations with Tiffany, Defendant sought to gain sexual access to Stephanie. When Tiffany agreed, Defendant bought a ticket for a flight from his home in New Jersey to Atlanta to visit the mother and daughter for the purpose, as alleged by the Government, to consummate his relationship with the young girl. Defendant did not make the trip, however, because he was arrested by local New Jersey authorities when he arrived at the home of another minor, following other internet chats of a sexually explicit nature, for the purpose, as alleged by the State, of having a sexual relationship with the child.

Defendant was arraigned on the charge on August 13, 2010, and the pretrial conference was scheduled for September 8, 2010. [Docs. 6, 8]. After the court granted two joint motions to continue the pretrial conference, the case was certified ready for trial on September 14, 2010, when the court was advised that a pretrial conference was not necessary. [Docs. 11, 14, 15]. After additional continuances, Defendant advised the district court that he intended to go to trial, and trial was set for August 15, 2011. [Doc. 30]. On July 14, 2011, Defendant then filed the motions to dismiss, and the trial

2

court referred the motions to the undersigned.[1]  [Docket entry July 21, 2011].  The trial date has been continued until October 2011.  [Docs. 33 and 38].

## II.     Discussion

Defendant Nilsen moves to dismiss the indictment, arguing:  (1) that 18 U.S.C. § 2422(b) cannot be violated through contact with an intermediary as opposed to a minor; (2) that since there was no actual child victim involved in this case, it is legally impossible for him to attempt to commit the offenses charged in the instant indictment; and (3) that his conversations are protected by the First Amendment.  [Doc. 31]. Defendant also contends that Congress exceeded its power under the Tenth Amendment when enacting 18 U.S.C. § 2422(b) because the power to regulate the behavior at issue properly lies with the states.  [Doc. 32].  The Court will address the merits of Defendant's motions with regard to each of these claims.

### a.     18 U.S.C. § 2422(b) Applies to Contact with an Intermediary

The indictment charges Defendant with violating 18 U.S.C. § 2422(b).  [Doc. 1].  Section 2422(b) provides in relevant part:

---

[1]Although the district allowed Defendant until August 8, 2011, to file a reply to the Government's response, counsel for Defendant advised that he fully addressed the issues raised in the motions and briefs filed on July 14, 2011, and did not intend to file a reply brief.

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or *attempts to do so*, shall be fined . . . and imprisoned . . . .

See 18 U.S.C. § 2422(b) (emphasis added). Defendant contends § 2422(b) does not apply to him since his only communication in this case was with a third party posing as a minor's adult guardian and not directly with a minor or an undercover agent posing as a minor. However, as Defendant acknowledges [Doc. 31 at 3], the Eleventh Circuit has previously addressed such challenges to § 2422(b) and rejected them. See United States v. Lanzon, 639 F.3d 1293, 1299 (11th Cir. 2011) ("A defendant can be convicted under this section when he arranges to have sex with a minor or a supposed minor through communications with an adult intermediary."); United States v. Farley, 607 F.3d 1294, 1324 (11th Cir. 2010) ("We have also held that a defendant can be convicted under § 2422(b) for attempted enticement through an adult intermediary, even if he never communicated directly with anyone he believed to be a child.") (citing United States v. Lee, 603 F.3d 904, 912-13 (11th Cir. 2010) (noting, as the defendant conceded, that the Eleventh Circuit Court of Appeals had "squarely rejected the argument" that § 2422(b) could not be violated because the only contact was through

4

an adult intermediary); United States v. Murrell, 368 F.3d 1283, 1286-88 (11th Cir. 2004) (finding defendant guilty of § 2422(b) by arranging to have sex with minor through communications with an undercover officer posing as the father of a fictitious child)). Thus, Defendant's argument is foreclosed by binding Eleventh Circuit precedent.

### b. Actual Minor Victim Not Required for 18 U.S.C. § 2422(b) to Apply

Defendant's legal impossibility argument with regard to § 2422(b) also may be summarily denied because it is likewise foreclosed by Eleventh Circuit precedent.[2] See Lanzon, 639 F.3d at 1299 ("'an actual minor victim is not required for an attempt conviction under § 2422(b).'") (quoting United States v. Root, 296 F.3d 1222, 1227-29 (11th Cir. 2002) (finding actual minor victim not required and defendant's belief minor is involved is sufficient to sustain attempt conviction under § 2422(b)); Farley, 607 F.3d at 1325 (finding that "Root clearly forecloses Farley's no-actual-child challenge to his conviction for attempted enticement under . . . § 2422(b)"); Lee, 603 F.3d at 913 (as the defendant acknowledged, "section 2422(b) does not require an actual minor victim"); United States v. Hornaday, 392 F.3d 1306, 1310 (11th Cir. 2004) (finding

---

[2]Defendant again acknowledges that his argument is contrary to Eleventh Circuit precedent, but he raises the issue to preserve it. [Doc. 31 at 8].

5

defendant's communications with parent, who turned out to be a law enforcement agent, over the internet regarding engaging in sexual activity with the parent's two children falls within the scope of § 2422(b) even though actual minor not involved).

### c. Conversations Not Legitimate Speech Protected by the First Amendment

Defendant also seeks dismissal of the indictment on the basis that § 2422(b) is unconstitutional because it infringes on protected speech expressed to another adult under the First Amendment. Again, as he acknowledges [Doc. 31 at 11], Defendant's argument with regard to § 2422(b) is foreclosed by Eleventh Circuit precedent. In Hornaday, the Eleventh Circuit rejected as frivolous the defendant's argument that applying § 2422(b) to him was unconstitutional because it punished him for engaging in speech protected by the First Amendment. 392 F.3d at 1311. The defendant in Hornaday was convicted of violating § 2422(b) for attempting to induce a minor for sex when he chatted on the internet with an undercover agent posing as a parent of fictitious children. Id. at 1308. In finding the defendant's First Amendment argument without merit, the Eleventh Circuit stated, "Speech attempting to arrange the sexual abuse of children is no more constitutionally protected than speech attempting to arrange any other type of crime." Id. at 1311.

6

The circumstances in Hornaday are indistinguishable from the instant case in all relevant aspects, and the decision is therefore controlling. See also Farley, 607 F.3d at 1324 (noting that in Hornaday, the court had rejected defendant Farley's First Amendment argument that "his sexually explicit conversations with the adult" undercover agent were protected speech as frivolous); United States v. Panfil, 338 F.3d 1299, 1301 (11th Cir. 2003) (finding defendant's reliance on Reno v. ACLU, 117 S. Ct. 2329 (1997), misplaced as the language of § 2422(b) is clear and therefore not overbroad or vague). Therefore, the court finds Defendant's First Amendment argument with regard to § 2422(b) to be merit less and foreclosed by binding Eleventh Circuit Court of Appeals precedent.

### d. Tenth Amendment

Defendant's final argument seeking to dismiss the indictment is that in enacting 18 U.S.C. § 2422(b), Congress exceeded its authority under the Tenth Amendment.[3] [Doc. 32 at 5]. Defendant's brief contains a lengthy argument about why such criminal conduct is better handled on the local level but offers no legal authority holding that the enactment of § 2422(b) or related statutes violate the Tenth Amendment. [Doc. 32

---

[3]The Tenth Amendment provides: "The Powers not delegated to the United States by the Constitution nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X.

AO 72A
(Rev.8/82)

at 5-10]. Defendant then, noting that the Government, as it has [Doc. 34 at 8-10], would no doubt respond that the authority to enact § 2422(b) is delegated under the Commerce Clause,[4] concedes that the legal authority in the Eleventh Circuit in fact would decide this issue against his position as a proper exercise of authority under the Commerce Clause:

> Indeed, the Eleventh Circuit has held that 18 U.S.C. § 2422(b) does not exceed Congress' commerce power. United States v. Faris, 583 F.3d 756, 758-59 (11th Cir. 2009)[, superseded by statute on other grounds as stated in United States v. Jerchower, 631 F.3d 1182 (11th Cir. 2011)[5]; United States v. Hornaday, 392 F.3d 1306, 1310-11 (11th Cir. 2004)]. The power includes the power to regulate and protect the "instrumentalities of interstate commerce," even when the targeted "threat may come only from intrastate activities." [United States v. Lopez, 514 U.S. 549, 558 (1995)]. It also includes prohibiting the use of commercial instrumentalities for harmful purposes even if the targeted harm "occurs outside the flow of commerce" and "is purely local." United States v.

---

[4] The U.S. Constitution, art. I, provides in pertinent part: "The Congress shall have the Power . . . To regulate Commerce . . . among the several States. . . ." U.S. CONST. art. I, § 8, cl. 3.

[5] In Faris, the defendant, challenging his conviction under § 2422(b), argued "that it is not necessary and proper for Congress to regulate every wholly intrastate activity that involves using a telephone or computer since the Tenth Amendment delegates that responsibility to the states." 583 F.3d at 759 (referencing U.S. CONST. art I, § 8, cl. 18). The Eleventh Circuit Court of Appeals disagreed and held that the defendant's use of the internet in committing the alleged crime violated neither the Commerce Clause nor the Necessary and Proper Clause of the Constitution, id., thereby indicating that the Tenth Amendment did not reserve power to enforce laws against such conduct to the States.

>Ballinger, 395 F.3d 1218, 1226 (11th Cir. 2005) (en banc). The internet is "an instrumentality of interstate commerce." Hornaday, 392 F.3d at 1311. Congress "has the power to regulate the internet" and "to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact." Id. "Congress may reach and prohibit the use of a telephone or the internet to set up the sexual abuse of children through intermediaries . . . [sic]." Id. *A federal statute which is lawful under the Commerce Clause necessarily does not violate the Tenth Amendment.* United States v. Williams, 121 F.3d 615, 620 (11th Cir. 1997) (the Child Support Recovery Act is a valid exercise under the Commerce Clause and, therefore, does not tread upon the Tenth Amendment).

[Doc. 32 at 13-14] (emphasis added). To this succinct and correct statement of binding Eleventh Circuit legal authority, Defendant simply states, "this jurisprudence is wrongly decided" and contends that "use of the Internet in a violation of 18 U.S.C. § 2242(b) [sic] is wholly divorced from 'commerce' as the word is defined." [Id. at 14]. This court does not agree that the jurisprudence is wrongly decided and concludes, based on the summary of the law set forth *supra*, that the Commerce Clause provides the necessary authority for Congress to have enacted § 2422(b). The enactment of this criminal statute does not violate the Tenth Amendment.

### III.  Conclusion

For the foregoing reasons and cited authority, the court **RECOMMENDS** that Defendant's motions [Docs. 31 and 32] to dismiss be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, declared Ready for Trial.

**SO RECOMMENDED AND ORDERED** this 8th day of August, 2011.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE