**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TOBIN NILSEN, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0308-JEC-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-4117-JEC-JFK |
| | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. 60), and Respondent's response, (Doc. 65). For the reasons discussed below, Movant's motion to vacate is due to be denied.

**I.   Discussion**

In July 2010, the Grand Jury for the Northern District of Georgia indicted Movant on one count of use of a computer to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (dictating a prison term of not less than ten years). (Doc. 1). Represented by Derek H. Jones, Movant pleaded guilty. (Doc. 52, Attach.). Movant acknowledged and agreed that he was subject to a mandatory

minimum sentence of ten years and a maximum term of life imprisonment and that, if the Court departed from the terms of the plea agreement in any material respect, Movant could withdraw his guilty plea and proceed to trial. (Id. ¶ 5). The government and Movant agreed that Movant should receive a 135-month term of imprisonment. (Id. ¶ 9). Movant waived the right to appeal or collaterally attack his conviction and sentence, except in limited circumstances, not at issue here. (Id. ¶ 11).

At the plea hearing, the Court confirmed that Movant had agreed to a 135-month term of imprisonment. (Doc. 66, Ex. A at 19). Movant agreed that the plea agreement contained an appeal waiver. (Id. at 18). The Court questioned Movant regarding the appeal waiver, and Movant stated that he understood there would be no further recourse after the Court accepted his plea. (Id. at 21). The Court accepted Movant's plea agreement. (Id. at 23).

At sentencing, the probation office's guidelines calculation resulted in a sentence that was higher than the agreed upon sentence of 135 months. (Doc. 66, Ex. B at 3, 14). The Court favored imposing a 144-month term of imprisonment and recessed so that Movant could discuss with his counsel whether he would accept that sentence. (Id. at 31). Movant accepted the 144-month term, and the Court deemed it

an oral amendment to the binding plea agreement.  (Id. at 31, 33, 37).  Accordingly, the Court imposed a 144-month term of imprisonment.  (Doc. 59).

Movant now brings this § 2255 motion and argues that the deviation from the sentencing term in the plea agreement nullified his appeal waiver, permitting him to attack collaterally his conviction and sentence.  (Doc. 60 at 3).  Movant goes on to argue that the mandatory minimum term of imprisonment in § 2422(b) violates the Fifth Amendment by (1) depriving him of an individualized punishment decision and (2) unfairly pressuring defendants to opt against trial.[1]  (Id. at 8-10).  Movant argues that his Ninth Amendment rights were violated by (1) prosecuting him for committing a crime against a non-existing individual; (2) the existence of a mandatory minimum prison term; (3) the state and federal government's different treatment of the same crime; and (4) removing him from his home state and support system based on an electronic footprint – causing him to be ineligible for bail, subjecting him to prejudice against Northern State residents, and cutting him off from his New Jersey defense

---

[1]Although Movant argues that § 2422(b)'s mandatory minimum pressures defendants into avoiding trial, Movant does not specifically argue that his guilty plea was involuntary, and the Court does not liberally construe his argument as an assertion that his guilty plea was involuntary.  Further, because Movant would have been subject to the mandatory ten-year minimum whether convicted at trial or on the basis of a guilty plea, the Court perceives no pressure to plead guilty based on the mandatory ten-year minimum.

3

counsel. (Id. at 12-15). Movant also argues that his dual prosecution by both the federal and state governments violates the Tenth Amendment's reservation of powers to the States. (Id. at 16-18).

The government argues that Movant is bound by his appeal waiver and that Movant has waived his right to collaterally attack his conviction and sentence. (Doc. 65 at 13). The government further argues that Movant's claims otherwise fail. (Id. at 13-18).

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255) (internal quotation marks omitted). Based on the record and Movant's motion, an evidentiary hearing is not warranted.

An appeal waiver is valid if the "(1) the district court specifically questioned the defendant about the waiver; or (2) the record makes clear that the defendant otherwise

understood the full significance of the waiver." United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993)).

Here, the record shows that the Court specifically questioned Movant on the appeal waiver and that Movant understood it. Movant does not contend that his guilty plea and appeal waiver were involuntary or that he would have insisted on going to trial had he known that he would receive a 144-month sentence. The agreed upon deviation from the sentencing term in the plea agreement did not nullify Movant's agreed upon appeal waiver. Movant agreed in the plea agreement that, if the Court departed from the terms of the agreement in a material way, he could withdraw his plea and proceed to trial. (Doc. 52 ¶ 6). Movant did not do so. Instead, Movant specifically discussed the 144-month sentence with his counsel and agreed to that sentence. (Doc. 66, Ex. B at 37). Movant did not choose to withdraw his plea, and it is not, therefore, withdrawn. With a valid and enforceable appeal waiver in place, Movant may not collaterally attack his conviction and sentence, and his grounds for relief fail.

## II. Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

6

It is recommended that a COA is unwarranted because it is not debatable that Movant has waived his right to collaterally attack his conviction and sentence. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, (Doc. 60), to vacate, set aside, or correct his federal sentence be **DENIED** and that this action be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 14th day of June, 2013.

*/s/ Janet F. King*

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)